REQUESTED BY: Vernon Tweedie, Deputy Red Willow County Attorney
Whether any of the proceeds from the sale of property seized pursuant to § 28-431(1)(f) (such property being vehicles and other conveyances) flows to a County Drug Law Enforcement Fund under § 28-1439.02?
No. Section 28-1439.02, in conjunction with Article VII, Section 5, Subsection 3, of the Nebraska Constitution, clearly provides that the proceeds from property forfeited pursuant to § 28-431(1)(f) "shall be appropriated exclusively to the use and support of the common schools. . . ."
Sections 28-431(1)(f) and (g) provide in part: (1) The following shall be seized without warrant by an officer of the Division of Drug Control or by any peace officer and the same shall be subject to forfeiture: (f) all conveyances including, but not limited to, aircraft, vehicles, or vessels which are used, or intended for use, in transporting any controlled substance with intent to manufacture, distribute, deliver, dispense, export, or import such controlled substance in violations of this article; and (g) all money used, or intended to be used, to facilitate a violation of this article. Subsection four of the statute goes on to provide that the district court of the county in which the property was seized may order that the property be sold or that the confiscating agency may make use of the property for up to one year.
To determine how the proceeds from the sale of property must then be distributed, it is necessary to examine § 28-1439.02. This statute provides that: The proceeds from any sale ordered pursuant to section 28-431, less legal costs, charges, and claims allowed, and any money forfeited pursuant to section 28-431 shall be paid to the county treasurer of the county in which the seizure was made. The county treasurer shall dispose of all such proceeds from property forfeited pursuant to subdivision (1)(f) of section 28-431 and fifty per cent of the money forfeited pursuant to subdivision (1)(g) of section 28-431 in the manner provided for disposition of fines, penalties, and license money under the Constitution of this state. The county treasurer shall disburse the remaining fifty per cent of the money forfeited pursuant to subdivision (1)(g) of section 28-431 to his or her respective County Drug Law Enforcement Fund. (Emphasis added.) Upon reviewing the Nebraska Constitution, it is apparent that the applicable provision referred to in this statute is found in Article VII, Section 5, Subsection 3, which provides that "law enforcement agencies may use conveyances forfeited pursuant to enforcement of the drug laws as the Legislature may provide. Upon the sale of such conveyances, the proceeds shall be appropriated exclusively to the use and support of the common schools. . . ." (Emphasis added.) Additionally, subsection 2 provides that only fifty per cent of all money seized shall be paid into a County Drug Law Enforcement Fund.
In summary, § 28-1439.02 and the Constitution of Nebraska make clear provisions for the disbursement of money as well as the proceeds from the sale of conveyances seized pursuant to § 28-431(1)(f). Although the seizing agency may use a conveyance seized for up to one year, the Drug Enforcement Fund does not receive any of the proceeds from the sale of this property. Rather, the proceeds are appropriated for the support of the common schools located in the county where the property was seized and forfeited, as provided by Article VII, Section 5, Subsection 1. Only fifty per cent of the money seized pursuant to §28-431(1)(g) is paid into the County Drug Law Enforcement Fund. The other fifty per cent is appropriated for the benefit of the common schools.
Respectfully submitted,
ROBERT M. SPIRE Attorney General
Lisa D. Martin-Price Assistant Attorney General